IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

     v.                                                           21-CR-6071 CJS

HAKEEM MILLER,

          Defendant.

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its attorneys, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and Matthew T. McGrath, Assistant United States Attorney, hereby makes and files its sentencing memorandum relating to the defendant, HAKEEM MILLER.

### I. FACTUAL AND PROCEDURAL BACKGROUND

**A. Procedural History**

On October 21, 2020, a criminal complaint (20-mj-0754) was filed, which charged that the defendant, Hakeem Miller, with Unlawful Dealing of Firearms, in violation of Title 18, United States Code, Sections 922(a)(1)(2) and (2), and Conspiracy to Commit Offenses Against the United States, in violation of Title 18, United States Code, Section 371.

The defendant made his initial appearance before the Hon. Mark W. Pedersen, Magistrate Judge for the Western District of New York, on October 22, 2020.

On July 1, 2021, pursuant to a written plea agreement, the defendant pled guilty to a one-count Information, which alleged that between in or about April 2020, the exact date being unknown to the United States Attorney, and continuing thereafter up to and including on or about July 3, 2020, in the Western District of New York, the defendant, Hakeem Miller, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully and unlawfully engage in the business of dealing firearms, all in violation of Title 18, United States Code, Sections 922(a)(1)(A), 924(a)(1)(D) and 2.

The plea agreement determined the defendant's advisory sentencing range under the Sentencing Guidelines to be 30 to 37 months' imprisonment. The Pre-Sentence Investigation Report (PSR) calculated the same Sentencing Guidelines range as the plea agreement. In the plea agreement, both parties reserved the right to argue for a sentence outside the applicable Sentencing Guidelines range.

## II.   SUMMARY OF RELEVANT CONDUCT

Pursuant to the plea agreement the defendant admitted to the following facts:

a.  The defendant, **HAKEEM MILLER**, admits and agrees that he is not, and never has been, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code.

b.  Between in or about the month of April 2020, and on or about July 3, 2020, in Monroe County, in the Western District of New York, and elsewhere, the defendant did knowingly, willfully and unlawfully engage in the business of dealing in firearms without a license.

c.  Between in or about April 2020 and on or about July 3, 2020, the defendant sold multiple firearms and rounds of ammunition to individuals in Rochester, New York, in the Western District of New York, in exchange for United States currency. The defendant agrees that based on what he knew about his primary customers, he knew or had reason to believe that his conduct would result in the transport, transfer

       or disposal of two or more firearms to another individual or individuals, whose possession or receipt of these firearms would be unlawful.

d.    The defendant's relevant conduct includes the sale of three firearms to a Confidential Source (CS). More specifically, during a controlled-buy operation in June 2020, the defendant advised the CS that he earns approximately $300,000 each year from selling firearms. During this transaction, the CS purchased the following firearms from the defendant and co-defendant Raymond Hardy: one (1) Diamondback Arms Model DB-15 rifle, bearing serial number DB2424571; one (1) Smith & Wesson Model M&P 15-22 rifle, bearing serial number JAF3244; and one (1) CZ Model CZ52 pistol, bearing serial number AZ1344, in exchange for United States currency.

e.    The defendant's relevant conduct also includes seven (7) firearms recovered during the execution of a search warrant for the vehicle the defendant was traveling in on July 3, 2020. On this date the defendant was stopped by members of the Rochester Police Department while traveling in a gray Nissan Altima bearing Mississippi License Plate No. WRC9346 (hereafter the "Altima"). Co-defendants Raymond Hardy and Jahbri Shelton were also present in the Altima when it was stopped by police. Hardy and the defendant had advised the CS during the above-described controlled-buy in June 2020 that they intended to make a trip to Mississippi to obtain more firearms in approximately one weeks' time. As such, law enforcement had been tracking the group's travel, anticipating that they would be transporting additional firearms to unlawfully sell in Rochester. A search warrant for the Altima was obtained and law enforcement recovered a total of seven (7) firearms from within, along with a number of magazines, rounds of ammunition and other gun parts. The defendant admits and agrees that he, along with his co-defendants, brought these firearms to Rochester in order to unlawfully sell them to others. The firearms recovered are described as follows:

      i.    one (1) Kel-Tec CP33 .22 caliber pistol, bearing serial number M4E30;

      ii.    one (1) Stoeger STR-9, 9mm semiautomatic pistol, bearing serial number T6429-20U05074;

      iii.    one (1) Stoeger STR-9, 9mm semiautomatic pistol, bearing serial number T6429-20U05081;

      iv.    one (1) Smith and Wesson SD40VE, .40 caliber pistol, bearing serial number FWR2776;

   v.  one (1) Taurus G2c, 9mm semiautomatic pistol, bearing serial number TLU21231;

   vi.  one (1) Ruger SR9C, 9mm semiautomatic pistol, bearing serial number 336-53179;

   vii.  one (1) American Tactical Omni-Hybrid MZXX AR-15, .223 caliber rifle, bearing serial number NS245218, which was reported stolen by the Greenville Mississippi Police Department on or about April 8, 2020.

 f. The defendant admits and agrees that at least eight (8) firearms but less than twenty-five (25) firearms is the number of firearms involved in the defendant's relevant conduct encompassed in the Information, which could be readily proven by the government at trial or at a sentencing hearing.

### III. STATUTORY SENTENCING FACTORS

The government asks the Court to impose a sentence within the Sentencing Guidelines range of 30 to 37 months' imprisonment. The government submits that such a sentence is appropriate and would not be "greater than necessary" to comply with the objectives set forth in Title 18, United States Code, Section 3553(a).

Title 18, United States Code, Section 3553(a) requires that the Court "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." In determining the sentence, the Court must consider the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

>  (B) to afford adequate deterrence to criminal conduct;
>
>  (C) to protect the public from further crimes of the defendant; and
>  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3)  the kinds of sentences available;
>
> (4)  the kinds of sentence and the sentencing range established for–
>
>  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>
>  (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
>  (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>
>  . . .
>
> (5) any pertinent policy statement–
>
>  (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
>  (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In executing these statutory responsibilities, the Court must first correctly calculate the applicable Guidelines range. Gall v. United States, 552 U.S. 38, 49 (2007). This range is "the

5

starting point and the initial benchmark." Id. Although this Court must treat the Guidelines as advisory, United States v. Ratoballi, 452 F.3d 127, 131-32 (2d Cir. 2006), an error in determining the applicable Guidelines range or the availability of departure authority nonetheless would be the type of procedural error that could render a sentence unreasonable on appellate review. United States v. Selioutsky, 409 F.3d 114, 118 (2d Cir. 2005). Further, while this Court "does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply," Rita v. United States, 551 U.S. 338, 351 (2007), the Second Circuit has observed that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be [upheld as] reasonable in the particular circumstances." United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006). See also United States v. Eberhard, 525 F.3d 175, 179 (2d Cir. 2008). Next, after giving the parties an opportunity to argue for whatever sentence they deem appropriate (consistent with any limitations imposed by the plea agreement), this Court must then "consider all the § 3553(a) factors to determine whether they support the sentence requested by a party." Gall, 552 U.S. at 49-50. In determining whether the § 3553(a) factors support the requested sentence, the Court "must make an individualized assessment based on the facts presented." Id. at 50. In that regard, "[n]o limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court . . . may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. If a non-Guidelines sentence is warranted, the Court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Gall, 552 U.S. at 50.

After settling on the appropriate sentence, the Court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Id. (citing Rita, 551 U.S. at 351). Although this Court need not engage in "robotic incantations" with respect to its consideration of the § 3553(a) factors, Fernandez, 443 F.3d at 30, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority." Rita, 551 U.S. at 356.

In this case, the crime committed by the defendant – unlawfully dealing in firearms – and the underlying facts, are quite serious and present a clear danger to the community. It is no secret that the City of Rochester is suffering from a plague of gun violence frequently perpetrated by individuals in possession of illegal firearms. The defendant's actions directly contributed to this problem in a significant fashion. The defendant's relevant conduct includes ten specific firearms that he either unlawfully sold to individuals in Rochester, or had trafficked to Rochester for that very reason. By doing so the defendant sought to benefit himself financially without a care for anyone who might ultimately be harmed or killed by these illegal firearms.

The guidelines range calculated by the parties in the plea agreement, as well as the PSR, set forth the advisory guideline range of 30 to 37 months' imprisonment. The government submits that a sentence within that range would be sufficient, but not greater than necessary to achieve the aims of Title 18, United States Code, Section 3553(a). It is particularly important in a case such as this that the Court impose a prison sentence sufficient to deter others from engaging in similar activity. Otherwise the economic benefits of trafficking these illegal weapons into our community may be too tempting for others to ignore.

A prison sentence within the guidelines would send a message to others that would seek to engage in the unlawful dealing of firearms that such conduct will not and cannot be tolerated, in order to ensure the safety of our community.

## IV. CONCLUSION

Based on the foregoing, the government respectfully recommends that the Court impose a sentence of 37 months' imprisonment.

DATED: Rochester, New York
September 17, 2021

                Respectfully submitted,

                JAMES P. KENNEDY, JR.
                United States Attorney

BY: s/MATTHEW T. MCGRATH
Assistant U.S. Attorney
United States Attorney's Office
Western District of New York
100 State Street, Suite 500
Rochester, New York
(585) 399-3965
matthew.mcgrath@usdoj.gov

TO: Bryans S. Oathout, Esq.
Counsel for Defendant

United States Probation Department
Attn: Jacquelyn D. Finucane
U.S. Probation Office